UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH BOND; MICHANN BOND,<br><br>Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | Case No. 3:25-cv-05142-TMC<br><br>ORDER ON MOTION FOR JURY TRIAL |

## I.  ORDER

Before the Court is Plaintiff Kenneth Bond and Michann Bond's motion for a jury trial (Dkt. 12). Plaintiff's complaint was initially filed in Cowlitz County Superior Court on December 17, 2024, *see* Dkt. 1-1 at 1, and removed to this Court on February 20, 2025. Dkt. 1. Seven days after Defendant Safeco Insurance Company of America filed an answer, the parties filed a joint status report and discovery plan on May 27, 2025. Dkt. 10. The joint status report indicated that the parties were seeking a jury trial. *Id.* at 5. But because no party had filed a separate jury demand or included one in a pleading, the Court entered a case scheduling order setting the case for a bench trial. Dkt. 11.

ORDER ON MOTION FOR JURY TRIAL - 1

Plaintiffs argue that their joint status report should be construed as a jury demand under Federal Rule of Civil Procedure 38(b). If so construed, the demand would be timely, because it was made "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). Local Civil Rule 7(b)(2) also provides that "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2). Here, Plaintiffs' motion is unopposed, and the Court finds the lack of opposition as an admission by Defendant that the motion has merit. *See id.*

Other cases in this district have recognized that a request for a jury in a joint status report—if made within the time allowed for a jury demand under Rule 38(b)—may be construed as a jury demand. *See, e.g.*, *Sardinas v. United Airlines, Inc.*, No. 19-0257JLR, 2019 WL 1979322, at *3 (W.D. Wash. May 3, 2019); *Trident Seafoods Corp. v. Commonwealth Ins. Co.*, No. 2:10-cv-00214-RAJ, 2011 WL 13234689, at *3 (W.D. Wash. Nov. 4, 2011); *Northland Comms. Corp. v. MTV Networks*, No. C05-0796RSM, 2006 WL 559121, at *2 (W. D. Wash. Mar. 6, 2006). This is consistent with the Ninth Circuit's admonition that courts "indulge every reasonable presumption against waiver of the jury trial right, and therefore accept jury demands that fall far short of the ideal." *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1064 (9th Cir. 2005) (citation modified).

The motion is thus GRANTED, and the Clerk is directed to enter a new case scheduling order that reflects a jury rather than a bench trial.

Dated this 16th day of July, 2025.

Tiffany M. Cartwright
United States District Judge